UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAIRMONT DONALD,

                       Plaintiff,

-against-

SUPERINTENDENT STACIE BENNETT;
NURSE ADMINISTRATOR P. PAIGE-
CONNIER; NURSE PRACTITIONER TERRIE
ARMBRUSTER; DR. MIKHAIL GUSMAN;
NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                       Defendants.

24-CV-3144 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who currently is incarcerated at Sullivan County Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants denied him adequate medical care. By order dated April 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. New York State Department of Corrections and Community Supervision (DOCCS)

The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). A state's immunity extends to state agencies such as DOCCS, which is an arm of the State of New York. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the State of New York nor its agencies have consented to be sued in federal court under 42 U.S.C. § 1983, and Congress has not abrogated the state's immunity, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), Plaintiff's claims against DOCCS are dismissed as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Superintendent Bennett, Nurse Practitioners Paige-Connier and Armbruster, and Dr. Gusman

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Superintendent Bennett, Nurse Administrator P. Paige-Connier, Nurse Practitioner Terrie Armbruster, and Dr. Mikhail Gusman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Failure to timely request an extension of time for service may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to: (1) issue summonses for Superintendent Bennett, Nurse Administrator P. Paige-Connier; Dr. Mikhail Gusman; and Nurse Practitioner Terrie Armbruster, complete the USM-285 forms with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail an information package to Plaintiff.

**SO ORDERED.**

Dated: White Plains, New York
       May 9, 2024

                                                PHILIP M. HALPERN
                                          United States District Judge

**DEFENDANT AND SERVICE ADDRESS FOR EACH DEFENDANT**

1. Nurse Administrator P. Paige-Connier
   Sullivan County Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

2. Nurse Practitioner Terrie Armbruster
   Sullivan County Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

3. Dr. Mikhail Gusman
   Sullivan County Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

4. Superintendent Stacie Bennett
   Sullivan County Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116