UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALIRMONT DONALD,

        PLAINTIFF,

-AGAINST-

SUPERINTENDENT STACIE BENNETT, P.PAIGE-
CONNIER.DR. MIKHAIL GUSMAN,MD,
TERRIE ARMBRUSTER,EYE DOCTOR
(JOHN DOE),Albany medical center

AMENDED COMPLAINT
24-CV-3144(PMH)



RECEIVED JAN 03 2025 PRO SE OFFICE

## AMENDED COMPLAINT

### I. INTRODUCTION

1. Plaintiff in the above -caption action alleges(s) as follows
2. plaintiff brings this action seeking damages pursuant to 42 USC § 1983, against the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) employees,executive and administrative staff, Correctional Officers and Correctional Supervisors at Sullivan Correctional Facility in their individual and official capacity.
3. The court has jurisdiction over this action pursuant to 28 USC §§ 1331, 1341,(a)(3), 1341(a)(4),1367(a) and 42 USC § 1983
4. Venue is proper in this District pursuant to 28 U.S.C §1391

### II PARTIES

5. Plaintiff Was at all times relevant herein a permanent resident of the UNITED STATES and resides at:
Coxsackie Correctional Facility
    P.O.Box.999
Coxsackie New York 12051-0999
Department Institutional Number 18-A-2991
6. Defendant are as follows, sued in their individual and offical capacity:
Superintendent Stacie Bennett, employer DOCCS she was the CEO of all the employees at the facility and had an obligation to ensure the plaintiff's medical care at that facility was taken care of by employees that she hired to fulfill their functions.

(1)

The plaintiff is alleging deliberate indifference as to Stacie Bennett who was very much aware of the plaintiff medical condition and aware of the serious risk of the plaintiff not being taken to the outside hospital for five days.

She was informed that the plaintiff eye was detached and still allowed him to sit in a cell in the clinic knowing that his eye had fallen out on on thanksgiving morning.

All Superintendent Bennett had to do was give the word for him to be taken to the hospital and the plaintiff would have been taken outside with out further delay.

And Superintendents state wide have a house on state property/and remain on call when not on duty in the event of emergency in cases like the plaintiff.

The plaintiff belongs to a special population(55 years and older) who had to sit in a cell for five days waiting when his eye fell out while washing his face on thanksgiving morning !

Defendant P.Page had the responsibility of communication my condition to defendant Bennett she was the (Nurse Administratior) she was in fact informed prior to Ms.Bennett she was in charge of the health department. She was also on call for all medical emergencies at the facility and made determinations concerning when an incarcerated individual should be taken to the outside hospital.

And she was also very much aware of the serious risk to the plaintiff being able to ever being able to see out of his left eye again and disregarded it.

Dr. Mikhail Gusman, MD, came to the clinic while the plaintiff was in the holding cell and examined his back and when questioned about the plaintiff eye and his site he would only reply that he was going out next week. This was a deprivation of a medical need that was serious, he knew and disregarded the risk to the plaintiff's health,and safty.

The plaintiff is in a Max A correctional facility with violent offenders some of which have murder charges and to blind in one eye is a danger to his safty.

As the chief doctor of the facility he was very aware of the plaintiff condition, knew the facts from which inferences can be drawn that a substantial risk of serious harm.

(2)

Terrie Armbruster the (nurse practioner) upon information and belief was the first person informed of the plaintiff condition she received the call from the block when the plaintiff eye fell out.
And this happened prior to Mr. Donald being brought to the infirmary she was also aware that he just recently had eye surgery and just returned back to the facility.
And upon Mr. Donalds return from Albany medical center she was given his medical records by the officers who transported him, and on the day when he reported his eye had fell out when he was washing his face he reported that he was scared, nervous, and in pain.
Upon information and belief she then notified P.Page-Connier who then instructed her to put him in the isolation cell in the infirmary where the plaintiff was held for five says before being brought to the outside hospital.
She was very much aware of his serious condition because she admitted him to the prison infirmary where he could not be sent back to general population with-out first being seen by a doctor.
She informed the plaintiff that his medical record had disappeared and although she was aware of his condition she still needed his medical file to document his current situation .
And she further told the plaintiff that his file was found in John Doe (the eye doctors office) Mr. Donald then requested that she send him to the outside hospital so that his eye can be put back,
and she replied that the situation was above her pay grade and for him to file a law suit due to the in action of the facility staff for not taking him to the outside hospital.
He requested that he be given something for the pain and she told him all she could give his was aspirin, she was very much aware of the risk to the petitioners health(his vision) and as a result he wound up losing most of his site in his left eye.
Her failure to act make the call to have him sent directly to the hospital is a conscious disregard of a substantial risk of harm to the plaintiff.

(3)

John Doe is the eye doctor who comes to the facility and he is also the one that was just referred to as have my medical records in his office and he was aware of the plaintiff left eye condition and his failure to go according to the follow up instruction after the initial surgery.

And he also never gave the plaintiff an eye patch to make sure that his eye was secure and would not fall out his eye has hooks on the inside of his eye socket which is how it became detached.

III.     EXHAUSITON OF ADMINISTRATIVE REMEDIES

7. There is a grievance procedure at Sullivan Correctional facility.
8. All grievances in relation to the matters alleged herein were filed,

IV.     STATEMENT OF CLAIM

9. On November 24th 2023 while washing his face the plaintiff left eye became detached while he was washing his face, the plaintiff has had a history of cataract issues and after a recent surgery where hooks were placed inside of the plaintiff eye socket to keep his left eye intact. Mr. Donald did not have a clue that his eye was not fully attached, this operation took place at Albany Medical Center which is where the facility eye doctor (John Doe) had scheduled his surgery.
The eye doctor (John Doe) was also aware that Albany Medical uses student doctors and that the plaintiff actually needed a specialist to perform his surgery due to the plaintiff Cataract history, John Doe is the one who told the plaintiff that he would need an operation initially. And when the plaintiff started to protest he was informed by John Doe that it was his choice if he wanted to lose his ability to see in one of his eyes.
And that it was entirely up to him how this would turn out based upon plaintiff continuing to protest or "man up and get his surgery.
10.This is what eventually led to the plaintiff having the surgery the plaintiff felt as though he did not have a choice in the matter and

(4)

would lose sight in his left eye and that's when he agreed to undergo the surgery.

11. It should be noted that the plaintiff asked if it was possible to get a second opinion prior to him agreeing to have the operation, and he was told by John Doe that he doesn't have that choice.

12. The plaintiff was already stressing about the fact that it was possible that he would one day be without sight in his left eye and his reaction was depression, and devastation.

The plaintiff went through the surgery things appeared to good at first and then plaintiff started to see lines when he looked through his eyes which was an indication to him that something was wrong so he requested to be seen by the medical department to make them aware of what he was experiencing.

And the nurse administrator was not trying to assist him saying that he had to give it sometime for it to heal properly.

The plaintiff next complaint was that he was losing sight in his left eye and that he was in pain and could he be given something for the pain that he was feeling, she replied that there was nothing that she could do to help him he would have to see a doctor to have medication prescribed.

So on thanksgiving day when his retina was detached he first told the officer on the housing unit the officer activated the alarm on his radio and declared a medical emergency.

The plaintiff was then taken to the medical unit for examination and he was seen by one of the regular nurses that normally gives out the daily medication,(controlled Meds) I dont recall her name at this time but it should be in the log book who was the first person's name.

This situation was out of her hands she could not make the call to have me taken directly to the hospital so she made a call to the nurse administrator and explained to her what was going on and then

Mr.Donald was told that he was going to be admitted to the infirmary per the nurse administrator.

The next person that he came in contact with from the medical unit was the Nurse practioner who was searching for Mr.Donald's medical file so that she could research what happened during his trip to the hospital. So then noticed that the file wasn't where it was normally would be, she then searched the eye doctors office and located it.

It should be noted that only the nurse administrator and the nurse

13. The plaintiff addressed all of the defendant, legal titles as well as their individual rolls in the deliberate indifference to the plaintiff's health and safty.
that the state officials all knew of and disregarded an excessive risk to the plaintiff heath from the facts in which inferences could be drawn that a substancial risk of serious harm exist, and that they drew that inference, and failed to act, of acted in a manner demonstrating reckless or callous indifference towards the plaintiff individual rights [see United States constitutional amendment# eight and 42 USCA § 1983].
The defendants subjectively understood their actions as creating a substantial risk of a constitutional deprivation, by placing the plaintiff in a cell for five days in the condition that he was in as opposed to taking him directly to the outside hospital (emergency room).
The plaintiff was crying and pleading with the defendants to do something like take some kind of immediate action, he was even be refused medication for the pain that he was in , and then told to write more grievances, by the same defendants that were all charged with the responsibility to ensure his health remained in good standing.
They were all aware that the defendant's medical condition that a reasonable doctor or patient would find it important, and worthy of immediate treatment.
This is still a medical condition that significantly affects the plaintiff's daily activities, Mr. Donald suffers headaches, and his vision is deteriorating rapidly.
The state had admitted that Sullivan Correctional facility had the worst medical treatment in the state which is one of the reasons that the facility was shut down.
14. This was not just a difference of opinion this was a fact from a report that was put out by DOCCS , and what was displayed by the defendant's only confirmed the report a detached retina and their response was lock him in a isolation cell for five days!
That was not humane treatment pet's and animals are given better treatment by veterinarian.

(6)

15. The plaintiff demands a <u>Trial by jury.</u>

16. The plaintiff ask for the following relief 10,000,000 in compensatory damages, and ten million for future medical treatment.

B. Another five million in punitive damages

C. The plaintiff also request that there be an injunctive relief pertaining to the medical care of incarcerated individuals in DOCCS custody by their medical staff.

D. The plaintiff is also requesting Declaratory relief by the court.

I Clairmount Donald declare under the penalty of perjury that the foregoing is true and correct.

Respectfully Submitted

*Clairmont Donald*

Clairmont Donald plaintiff ProSe



**COXSACKIE CORRECTIONAL FACILITY**
P.O. BOX 999
COXSACKIE, NEW YORK 12051-0999

NAME: Clairmount Donald   DIN: 18A2991

pro se

LEGAL MAIL

TO UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
U.S COURTHOUSE- 500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

RECEIVED
JAN 03 2025
PRO SE OFFICE