UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAIRMONT DONALD, | |
| Plaintiff, | **ORDER** |
| -against- | 24-CV-03144 (PMH) |
| STACIE BENNETT, et al., | |
| Defendants. | |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was held at the Sullivan County Correctional Facility. By order dated April 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (Doc. 5). On January 8, 2025, with the Court's permission, Plaintiff's amended complaint was docketed. (Doc. 32). Plaintiff, in his amended complaint, adds, among other things, a John Doe defendant.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Service ("DOCCS") to identify the John Doe defendant described in the amended complaint who was involved in the alleged violations of Plaintiff's rights. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Upon receipt of this information, the Court will deem the Amended Complaint amended as to that Defendant and will issue an order directing the Clerk of Court to complete the USM-285 form with the addresses for the then-named John Doe Defendant.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this to the New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   White Plains, New York
    February 7, 2025

PHILIP M. HALPERN
United States District Judge