



Justin W. Gray, Esq.

> Application granted. The Court waives any pre-motion conference requirement, grants Defendant Albany Medical Center leave to file a motion to dismiss, and sets the following briefing schedule: Defendant Albany Medical Center's motion to dismiss shall be served and filed by September 22, 2025; Plaintiff's opposition shall be served and filed by October 22, 2025; and Defendant Albany Medical Center's reply, if any, shall be served and filed by November 5, 2025.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> August 21, 2025

**Donald (Clairmont) v. Albany M**
Our File No.: 125.36408
Case No.: 7:24-CV-3144 (PMH)

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Dear Judge Halpern:

Pursuant to your Order at Docket #55, and in compliance with Rule 2 (C) of this court's Individual Practice Rules, I submit this pre-motion letter of defendant Albany Medical Center requesting a "pre-motion to dismiss conference" to seek the Court's permission to file a motion to dismiss or, in the alternative, that the conference be waived, and this defendant permitted leave to file a motion to dismiss.

In particular, we seek to file a motion pursuant to Federal Rule of Civil Procedure §12(b)(c) dismissing the plaintiff's Complaint against Albany Medical Center upon the grounds that plaintiff has failed to state any valid cause of action against said defendant.

**Procedural History:**

As the court may recall, there has been a lengthy prior procedural history to this case. The *pro se* plaintiff commenced the above-entitled action in the United States District Court for the Southern District of New York by a Summons and Complaint filed on April 23, 24 (Doc. 1) against defendants Bennett, Gusman, Armbruster, Paige-Connier, and NYS Department of Corrections and Community

MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP
6 Tower Place, Albany, NY 12203  |  P: (518) 465-3553  |  F: (518) 465-5845
3154 Route 9W, P.O. Box 180, Saugerties, NY 12477  |  P: (845) 246-3668  |  F: (845) 246-0390
www.maynardoconnorlaw.com
— Service by Facsimile, Email or Electronic Means is Not Accepted —

{M1188066.1}

Hon. Philip M. Halpern                  2                  August 13, 2025

Supervision (DOCCS), alleging that defendants denied him adequate medical care, Following plaintiff's request to proceed *in forma pauperis*, by Order dated and file May 9, 2024, the Court directed that Summonses issued as to the individual defendants, but dismissed the claims against DOCCS *sua sponte*. (Doc. No. 7). Shortly thereafter, the plaintiff filed an Amended Complaint adding as defendants "Eye Doctor (John Doe)" and Albany Medical Center. (Doc. No. 31).

Defendants Bennett, Gusman, Armbruster, and Paige-Connier subsequently filed a motion to dismiss (Doc. No 22, *et seq*). By Opinion and Order dated and filed July 15, 2025 (Doc. No. 49), this Court granted the motion in part, dismissed all claims against Bennett and Paige-Connier, and also *sua sponte* dismissed all claims against "Eye Doctor John Doe". The court noted that Albany Medical Center had not yet been served, and as a result, declined to consider plaintiff's claims against Albany Medical Center at that time. (Doc. No. 49, fn. 7).

The Court subsequently issued an Order directing service on Albany Medical Center (Doc. No. 50), which was served on or about July 24, 2025.

**Standard of Review:**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007), quoted in *Lefebvre v. Morgan,* 234 F. Supp. 3d 445, 452 (S.D.N.Y. 2017).

As noted by the Court in its prior Decision,

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible on its face "when the ple[d] factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).... "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). (Doc. No. 49, pgs. 4-5, emphasis added)

This court further noted in its prior Decision,

While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."(internal quotation marks omitted)). (Doc. No. 49, pg. 5, emphasis added)

Hon. Philip M. Halpern                                           4                                     August 13, 2025

**Basis for Seeking Dismissal:**

It is respectfully submitted that under those standards, a legitimate basis exists for this defendant to move to dismiss. Were defendant permitted to file a motion to dismiss, it would be noted that in the Amended Complaint, plaintiff has not set forth sufficient facts to state a cause of action, and specifically has not alleged any claims specifically against Albany Medical Center (hereinafter referred to as "AMC").

As near as can be determined from plaintiff's sparse pleadings, it appears that during plaintiff's incarceration at Sullivan County Correctional Facility, and following some undated and unidentified surgery at Albany Medical Center, he later developed vision issues, sought treatment at the correctional facility, and was eventually seen by defendants Gusman and Armbuster, medical staff at the correctional facility. The thrust of the allegations in the Amended Complaint all relate to requests for follow-up treatment from the prison medical staff and his allegations that "the state officials" failed to provide him timely and appropriate medical treatment and medication, returned him to an "isolation cell", etc. (Doc. No. 35, pgs. 5-6). These claims appear to be based on allegations of insufficient or delayed treatment by the correctional facility, *not* Albany Medical Center. Without passing comment on the merits of those allegations, it is clear that those claims do not relate to any care and treatment provided by AMC. (Although plaintiff had alleged that "John Doe" was "the eye doctor who comes to the facility", and the court had previously suggested that "John Doe" might be an Albany Medical Center employee [Doc. No. 49, fn. 8], the plaintiff does not specifically allege this; and it is believed that that is not indeed the case. Regardless, the Court ultimately dismissed all claims against this "John Doe" *sua sponte* as well. [Doc. No. 49]).

The *only* times plaintiff mentions AMC in the Amended Complaint is in passing, in mentioning that his prior surgery took place at AMC and that "John Doe" was aware that AMC uses "student doctors" (presumably, medical residents). (Doc. No. 35, pg. 4). He does not raise any specific criticism

{M1188066.1}

Hon. Philip M. Halpern 5 August 13, 2025

or complaint regarding the surgery or treatment at Albany Medical Center, does not identify the date of any treatment at issue, and does not plead any cause of action based in negligence or malpractice.

Were defendant AMC permitted leave to move to dismiss, AMC would certainly argue that even by searching the "four corners of the Complaint", the plaintiff has failed to set forth any valid and applicable cause of action against AMC, and has failed to set forth any claim relating to medical care and treatment. AMC would further argue that even if the 8th Amendment allegations somehow related to AMC, plaintiff has failed to set forth claims of AMC's personal involvement of state of mind; as a result, any such claim must fail as well.

As a result, it is respectfully submitted that AMC has demonstrated a legitimate basis for dismissal, and requests leave to immediately file its motion to dismiss on those grounds.

Respectfully yours,

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By: _/s/ Justin W. Gray_
Justin W. Gray

JWG:rll
cc: Clairmont Donald (18-A-2991)   **VIA ECF and FIRST-CLASS MAIL**
Sullivan Correctional Facility
325 Riverside Drive
Fallsburg, New York 12733-0116

Elizabe Barbanes, Esq.   **VIA ECF**
Assistant Attorney General
44 South Broadway
White Plains, New York 10601

{M1188066.1}