UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAIRMONT DONALD,

                                    Plaintiff,          **OPINION & ORDER**

                -against-                               24-CV-03144 (PMH)

STACIE BENNETT, et al.,

                                    Defendants.

PHILIP M. HALPERN, United States District Judge:

Clairmont Donald ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action on April 23, 2024 (Doc. 1).[1] On February 3, 2025, Plaintiff's second amended complaint was docketed, pressing claims under 42 U.S.C. § 1983 against Superintendent Stacie Bennett, Dr. Mikhail Gusman, Nurse Practitioner Terrie Armbruster, Nurse Administrator P. Paige-Connier, John Doe, and Albany Medical Center predicated upon violations of his constitutional rights. (Doc. 35, "SAC").[2]

Defendant Albany Medical Center filed a motion to dismiss the Second Amended Complaint on September 11, 2025. (Doc. 62; Doc. 62-1; Doc. 62-2, "Def. Br.").[3] Plaintiff filed

---

[1] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

[2] In a July 15, 2025 Opinion & Order, the Court dismissed Defendants Bennett, Paige-Connier, and John Doe from this action. (Doc. 49 at 14).

[3] Defendant Albany Medical Center, in the documents supporting its motion, states that it is moving to dismiss the SAC pursuant to "Federal Rule of Civil Procedure § 12(b)(c)." (*See* Docs. 62, 80). There is no Federal Rule of Civil Procedure 12(b)(c). *See* Fed. R. Civ. P. 12. However, the Court, in its discretion, construes Defendant Albany Medical Center's motion as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), as Defendant Albany Medical Center argues under the standard for a 12(b)(6) motion in its brief in support of its motion (*see* Def. Br. at 5-7), and Defendant Albany Medical Center's motion was filed pre-answer. *Cf. Bey v. City of New York*, 454 F. App'x 1, 3-4 (2d Cir. 2011) (recognizing a district court's discretion to construe a "motion to dismiss as a motion for judgment on the pleadings . . . ."); *Doyle v. Midland Credit Mgmt.*, No. 11-CV-05571, 2012 WL 1666397, at *2 (E.D.N.Y. May 11, 2012) (construing "a motion for judgment on the pleadings" as "a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) . . . .").

opposition on December 3, 2025, (Doc. 77, "Pl. Aff."; Doc. 78, "Pl. Br."), and Defendant Albany Medical Center filed reply on December 8, 2025. (Doc. 80).

For the reasons set forth below, Defendant Albany Medical Center's motion to dismiss is GRANTED.

## **BACKGROUND**

The Court incorporates and adopts by reference the background laid out in its July 15, 2025 Opinion & Order (Doc. 49) and recites the facts only to the extent necessary to adjudicate the extant motion.

Plaintiff, in the Second Amended Complaint, alleges that, while incarcerated at Sullivan County Correctional Facility, he underwent an operation on his left eye at Albany Medical Center. (SAC at 4-5). Plaintiff, as part of this operation, had "hooks . . . placed inside of [his] eye socket to keep his left eye intact." (*Id.* at 4). Plaintiff was referred to Albany Medical Center by a "facility eye doctor," presumably a doctor from Sullivan County Correctional Facility. (*Id.*).[4] The facility eye doctor was allegedly "aware that Albany Medical uses student doctors and that the plaintiff actually needed a specialist to perform his surgery due to the plaintiff['s] Cataract history," but still referred Plaintiff to Albany Medical Center. (*Id.*). The SAC does not state when this operation took place. (*See id.*). Plaintiff alleges that following his surgery at Albany Medical Center, though "things appeared . . . good at first," he "started to see lines when he looked through his eyes which was an indication to him that something was wrong . . . ." (*Id.* at 5). The SAC contains no other allegations concerning Albany Medical Center.

---

[4] This facility eye doctor was named as a John Doe defendant in the SAC and dismissed from this action in the Court's July 15, 2025 Opinion & Order. (*See* Doc. 49 at 14).

Plaintiff, in addition to his opposition, submitted an "Answering Affirmation to Motion to Dismiss." (Pl. Aff.).[5] Plaintiff alleges, in this affirmation, that his surgery at Albany Medical Center took place "towards the end of 2020 or beginning of 2021." (*Id.* ¶ 3). Plaintiff claims that this surgery was performed negligently and, consequently, his eye did not heal properly, forcing him "to endure another operation on that very same eye." (*Id.* ¶¶ 4-5). Plaintiff, because of the allegedly negligent surgery at Albany Medical Center, "eventually had to undergo 'emergent vision saving retinal detachment repair surgery'" at Samaritan Hospital in Troy, New York. (*Id.* ¶ 6).

### STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted

---

[5] Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *See Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014); *see also Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14-CV-00675, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 9, 2014) (Sullivan, J.) (citing *Finch v. New York*, No. 10-CV-09691, 2012 WL 2866253 (S.D.N.Y. May 30, 2021)) ("[T]o the extent claims alleged for the first time in motion papers could have been asserted based on the facts alleged in the complaint, they should be considered."). Accordingly, the Court considers the additional allegations contained in Plaintiff's opposition brief and "Answering Affirmation to Motion to Dismiss" (Docs. 77-78), in deciding the instant motion.

unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d

Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Plaintiff presses a claim against Defendant Albany Medical Center for deliberate indifference to serious medical needs in violation of the Eighth Amendment of the United States Constitution under § 1983. (*See* SAC). Plaintiff, in his opposition, also asserts for the first time that he is pressing a claim for medical malpractice under state law against Defendant Albany Medical Center pursuant to the doctrine of respondeat superior and based on the allegedly negligent surgery Plaintiff underwent at Albany Medical Center in late 2020 or early 2021. (Pl. Br. at 6-8). Because Plaintiff's medical malpractice claim "could have been asserted based on the facts alleged in the complaint," *Vlad-Berindan*, 2014 WL 6982929, at *6, the Court considers it in deciding the instant motion. (*See* SAC at 5 ("The plaintiff went through the surgery things appeared to be good at first and then plaintiff started to see lines when he looked through his eyes which was an indication to him that something was wrong . . . .")).

### I.    Deliberate Indifference Claim

Defendant Albany Medical Center argues only that Plaintiff fails to plead sufficient facts to state a claim for deliberate indifference to serious medical needs against it. (Def. Br. at 7).

5

Plaintiff concedes that "private actors and institutions, such as hospitals . . . are generally not proper 1983 defendants." (Pl. Br. at 6 (quoting *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order)). Plaintiff also makes no argument with respect to his deliberate indifference claim. (*See* Pl. Br.).

"It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim." *Postell v. Fallsburg Library*, No. 20-CV-03991, 2022 WL 1092857, at *7 (S.D.N.Y. Apr. 8, 2022) (citing *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018) (summary order)). This is true even for *pro se* plaintiffs. *See id.* Thus, by failing to make an argument regarding his deliberate indifference claim against Defendant Albany Medical Center, Plaintiff has abandoned that claim.

Even if Plaintiff had not abandoned his deliberate indifference claim against Defendant Albany Medical Center, the Court agrees with Defendant Albany Medical Center that Plaintiff has literally failed to plead sufficient facts to support a deliberate indifference claim against it. In addition, to state a claim against a private entity under § 1983, a plaintiff must allege that the private entity acted "under color of state law" when it violated the plaintiff's constitutional rights. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)). Here, Plaintiff alleges no facts to support that Defendant Albany Medical Center was a state actor when it performed his first surgery. (*See* SAC; Pl. Aff.); *see also Sadigh v. Quyyum*, No. 23-CV-02937, 2025 WL 745993, at *5-6 (E.D.N.Y. Mar. 7, 2025) (dismissing hospital-defendants in § 1983 suit where the plaintiff did "not allege[] that either hospital [was] . . . a state actor.").[6]

---

[6] Although Defendant Albany Medical Center does not argue that it is not a state actor or that Plaintiff abandoned his deliberate indifference claim, (*see* Def. Br.; Reply), the Court can consider the viability of Plaintiff's deliberate indifference claim *sua sponte* by operation of 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, Plaintiff's deliberate indifference to serious medical needs claim is dismissed as against Defendant Albany Medical Center.

II.      Medical Malpractice Claim

Plaintiff, in his opposition to Defendant Albany Medical Center's motion, asserts that he is pressing a claim against Defendant Albany Medical Center for medical malpractice under the doctrine of respondeat superior stemming from Plaintiff's surgery on his left eye at Albany Medical Center which took place at the end of 2020 or beginning of 2021. (Pl. Br. at 6-8). Defendant Albany Medical Center argues that "none of these allegations were expressly asserted, or even remotely implied, in the original pleadings" and "[e]ven were the pleading defect excused, the claim must still be dismissed for failure to comply with the statute of limitations." (Reply ¶ 5).

The Court finds that the SAC, read liberally and considering the additional consistent facts alleged in Plaintiff's opposition, may include a claim against Albany Medical Center for medical malpractice. (*See* SAC at 5; Pl. Aff.). However, the Court agrees with Defendant Albany Medical Center that Plaintiff's medical malpractice claim should be dismissed as time barred. (Reply ¶ 5).

While, under New York law, ordinary negligence claims have a three-year statute of limitations, medical malpractice claims have a two-and-a-half year statute of limitations. *See Lev-Ary v. Manhattan Fertility Servs. LLC*, No. 23-CV-05504, 2025 WL 2624345, at *4 (S.D.N.Y. Sept. 10, 2025) (citing N.Y. C.P.L.R. § 214-a (McKinney 2018)). "A plaintiff must bring her medical malpractice claim within two-and-a-half years of the negligent act—that is, the date of the 'act, omission or failure complained of.'" *Id.*

Here, Plaintiff alleges that his operation at Albany Medical Center took place "towards the end of 2020 or beginning of 2021." (Doc. 77 ¶ 3). Plaintiff's original complaint was docketed on April 23, 2024. (*See* Doc. 1). Even drawing "the most favorable inferences that [Plaintiff's] complaint

supports," *Chappius*, 618 F.3d at 170, Plaintiff's medical malpractice claim is still time barred, as his original complaint was filed over two-and-a-half years after his operation at Albany Medical Center. (*See* Doc. 1). Furthermore, Albany Medical Center was not a named defendant in Plaintiff's original complaint, and was not added as a defendant to this action until January 3, 2025. (*See* Doc. 32). Even if Plaintiff's original complaint had been filed within the two-and-a-half year statute of limitations period, Plaintiff has not met his burden of establishing relation back under Federal Rule of Civil Procedure 15(c). *See In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005) ("It is the plaintiff's burden to establish the requirements for relation back under Rule 15(c).").

Accordingly, Plaintiff's medical malpractice claim against Defendant Albany Medical Center is dismissed as time barred.

## CONCLUSION

For the foregoing reasons, Defendant Albany Medical Center's motion to dismiss (Doc. 62) is GRANTED. Plaintiff's claims against Defendant Albany Medical Center are dismissed.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 62.

**SO ORDERED.**

Dated:    White Plains, New York
          April 15, 2026

PHILIP M. HALPERN
United States District Judge

8